UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REX ALLEN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No. 3:22-CV-363-TAV-DCP |
| | ) |
| STATE OF TENNESSEE, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff Rex Allen Moore's Application to Proceed in Forma Pauperis [Doc. 2] and his pro se Complaint for Violation of Civil Rights ("Complaint") [Doc. 3]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 2**] and Plaintiff shall be allowed to file the Complaint without the payment of costs. The Clerk shall not, however, issue process at this time because the undersigned **RECOMMENDS** that the District Judge allow Plaintiff's challenge under the Ex Post Facto Clause of the United States Constitution proceed and that Plaintiff's claims against Officer Lindsey DeLorge, in her individual capacity, pursuant to 42 U.S.C. § 1983 proceed. The Court **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's remaining claims.

I.  **DETERMINATION ABOUT FILING FEE**

Plaintiff has filed an Application to Proceed In Forma Pauperis ("Application") [Doc. 2] with the required detailing of his financial condition. The Application demonstrates that Plaintiff has very little income and minimal assets. Section 1915 of Title 28 of the United States Code

allows litigants to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez,* 504 U.S. 25, 27 (1992). The Court's review of an in forma pauperis application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that the "filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). The threshold requirement which must be met in order to proceed in forma pauperis is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding in forma pauperis. *See Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit supporting a request for in forma pauperis status is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, the Court has considered Plaintiff's Application and economic status in making the decision of whether to grant leave to proceed in forma pauperis, and it appears to the Court that the Application sets forth grounds for so proceeding. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 2**] and **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER COMPLAINT SCREENING

### A. Governing Standard for IFP Screening

Under 28 U.S.C. § 1915(e)(2)(B), courts are responsible for screening all actions filed by plaintiffs seeking IFP status and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008). Frivolous suits are those based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Courts are not required to "ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue." *Young Bok Song v. Gibson*, 423 F. App'x 506, 510 (6th Cir. 2011).

When a plaintiff proceeds pro se, the court must liberally construe the pleadings and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering whether a complaint states a claim, the standard required by § 1915(e)(2)(B)(ii) is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *See Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). In other words, a pro se complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The plausibility standard requires the plaintiff to "raise a right to relief

3

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). However, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.,* 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action. . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted).

"Section 1983 does not create any substantive rights; rather, it is a statutory vehicle through which plaintiffs may seek redress for violations of a right secured by the Constitution or federal laws." *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 503 (6th Cir. 2019). For claims brought against defendants in their individual capacity, "§ 1983 requires proof that: (1) the defendant was a person acting under the color of state law, and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* Furthermore, the constitutional right must be "clearly established" at the time of the violation, otherwise the official is entitled to qualified immunity, meaning "the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (internal quotations omitted).

B.   **Factual Allegations**[1]

In his Complaint, Plaintiff generally alleges certain events occurring between February and October 2022.  He mentions two specific dates associated with his claims—February 6, 2022 and June 10, 2022—but does not associate any event with either date [Doc. 3 p. 4].[2]  First, he asserts that Officer Lindsay DeLorge ("Officer DeLorge"), whom he identifies as a TDOC BOPP Probation Officer, ordered him to leave his established residence or otherwise be subject to a violation of parole [*Id*. at 3].[3]  Plaintiff states that he is 62 years old with mental health and disability issues, and as a result of being forced to leave his residence, he had to live and sleep outside in the woods; he developed a respiratory pneumonia infection; and he was not allowed to go home per orders from the hospital to go home for healing [*Id.* at 5].

Next, Plaintiff maintains that Officer DeLorge swore out two "wrongful affidavit information arrest warrant[s]" for violations of parole [*Id.* at 4].  With respect to the first, Plaintiff maintains the officer's affidavit stated he "declined or failed to report probation condition

---

[1]   The undersigned has attempted to recite the facts stated in Plaintiff's Complaint in the order they appear although at times the Complaint is illegible or unintelligible.

Further, Plaintiff does not identify what the acronyms he uses stand for, with the exception of SOR, which he defines as "Sex Offender Registration" [Doc. 3 at 5].  The Court assumes for present purposes the following:  "TDOC" – Tennessee Department of Correction; "BOPP" – Board of Probation and Parole; "VOP" – Violation of Parole; and "TBI CIU" – Tennessee Bureau of Investigation Criminal Intelligence Unit.

[2]   Plaintiff further alleges an event date of October 14, 2022, noting "incidentally now," which the Court generally construes as alleging that one or more of his claims are ongoing [Doc. 3 at 4].

[3]   The Complaint states in relevant part, "Ms. DeLorge ordered the Petitioner to leave his established [residence] within 45 minutes with no cash nor assistance for alternative housing vs. VOP from on-going mean oppressive mistreatment and orders on demand to such [behavior] under tortfeasor, wrongful act, twisted [behavior]" [Doc. 3 at 4].

information [DeLorge] was given" concerning a traffic stop/arrest [*Id.* at 4–5]. Due to his arrest, Plaintiff states that he was ordered "to not go to his prescheduled [endocrinologist] diabetic [doctor] appointment" and that while he was in jail, he suffered a diabetic coma [*Id.* at 5]. He also alleges that while he was incarcerated, he was unable to operate his tow truck. [*Id.*]. The disposition of this event is unclear as Plaintiff notes, "charges dismissed, Petitioner released upon information guilty plea vs. VOP on going excessive bail" [*Id.* at 4]. As to the second alleged wrongful affidavit, Plaintiff claims that the affidavit stated he "failed to report his TDOC BOPP TBI CIU monitor g.mail regulation [information]"[4] [*Id.*]. He states that DeLorge "declined informing [and] assisting [him] with that required form [and] information" contrary to "procedures required by TBI TDOC – Legislation [Governor] signed – Law" [*Id.*].

Then, Plaintiff states as his fourth claim that "TDOC BOPP Wallice, Director, conducted [his] Grievance Religious Complaint [and] [r]uled his [a]ppeal disposition [illegible] declined" [*Id.*].[5]

Lastly, as his fifth claim, Plaintiff alleges that "TDOC Commissioner Mr. Tony C. Parker knew or should [have] known . . . formal inmate grievance complaint[,] TBI monitor reports[,] and all appeal procedure reported et al." and that "[Governor] Bill Lee et al. . . . did, or should [have]

---

[4] The Court construes this to refer to the Tennessee sexual offender and registration monitoring process, which requires "[a] complete listing of the offender's electronic mail address information, including usernames, any social media accounts the offender uses or intends to use, instant message, other internet communication platforms or devices, and the offender's username, screen name, or other method by which the offender accesses these accounts or websites." Tenn. Code Ann. § 40-39-203(*i*)(17).

[5] Plaintiff provides no factual information regarding his "grievance religious complaint," leaving the undersigned to conclude that this allegation is not well pleaded.

known [status] upon report regulation, failed to review [the SOR Monitoring form/tracking Bill] for ex – post facto []legislation" [*Id.* at 4].[6]

Plaintiff names the following defendants:

1. Bill Lee, Governor of Tennessee ("Governor Lee"), official capacity;

2. Tony C. Parker/Lisa Helton,[7] Tennessee Department of Correction ("TDOC") Commissioner, official capacity;

3. Officer Lindsay DeLorge, TDOC Board of Probation and Parole ("BOPP"), individual and official capacity;

4. Officer Chris Ramsey ("Officer Ramsey"), TDOC Board of Probation and Parole ("BOPP"), individual and official capacity; and

5. Tiffany Wallace ("Director Wallace"),[8] TDOC BOPP Director, individual and official capacity.

[*Id.* at 2-3]. Plaintiff alleges a deprivation of rights by these Defendants and seeks monetary damages,[9] a temporary restraining order and Class E felony conviction against Officer DeLorge, and an injunction ordering parole officers to maintain constant body and vehicle camera video

---

[6] The allegations relating to this fifth claim are not written in complete intelligible sentences and certain portions are quoted only to capture general substance.

[7] Lisa Helton is the current Commissioner of TDOC. Tony Parker retired from TDOC in November 2021. *See* https://www.tn.gov/content/dam/tn/correction/documents/AnnualReport2022.pdf. (last visited 3/15/23). Under Federal Rule of Civil Procedure 25(d), a public officer's "successor is automatically substituted as a party."

[8] Director Wallace's name is spelled "Wallice" in the Complaint.

[9] In his Complaint, Plaintiff states that he is also seeking damages for loss of a tow truck service due to wrongful incarceration, which the Court assumes to stem from one or both of the arrests he mentions for violation of parole.

during contact with offenders and releasing him from the sex offender registry [*Id.* at 5]. [10] While Plaintiff does not provide any information regarding his conviction or parole, the only reasonable inference to be drawn from these requests is that Plaintiff is a convicted sex offender, who is subject to the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 ("SORVTA" or "the Act").[11]

### C. Analysis

As previously reviewed, to state a claim against any defendant for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F. 3d 350, 355 n. 4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

---

[10] Plaintiff states at the end of Section V Relief in the Complaint, "Injunction, SOR complete TCA Release" [Doc. 3 at 5].

[11] The Court has also listened to audio recordings that appear to be from a preliminary hearing with respect to his alleged failure to register certain electronic accounts pursuant to the SORVTA [*See* Doc. 6].

### 1. Official Capacity Claims

Plaintiff sues Governor Lee, Commissioner Helton, Officer DeLorge, Officer Ramsey, and Director Wallace in their official capacities.[12] To the extent Plaintiff's claims are for monetary damages [Doc. 3 at 5], Governor Lee and Commissioner Helton "stand in the shoes of the state and thus are protected by Tennessee's sovereign immunity." *Newsome v. Lee*, No. 3:21-cv-00041, 2021 WL 1697039 at *5 (M.D. Tenn. Apr. 29, 2021) (citations omitted) (dismissing the plaintiff's claims for monetary damages against state officials during the screening process). Tennessee is not a suable entity because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is not a "person" within the meaning of § 1983).

Similarly, in terms of Plaintiff's official capacity claims against Officer DeLorge, Director Wallace, and Officer Ramsey, the Court observes that they are purportedly employed by TDOC, which is an arm of the State of Tennessee. *See Hix*, 196 F. App'x at 355 (holding TDOC is equivalent of the "State"). To the extent Plaintiff is seeking monetary damages against them as state officers acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993); *see also Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]"). Therefore, in suing Defendants in their

---

[12] Plaintiff names the "State of Tennessee" in the caption of his Complaint but does not include it in the list of Defendants. It is not clear to the Court whether he intends to sue the State of Tennessee. In any event, however, the State of Tennessee has sovereign immunity. *Newsome v. Lee*, No. 3:21-cv-00041, 2021 WL 1697039 at *5 (M.D. Tenn. Apr. 29, 2021) (dismissing the plaintiff's section 1983 SORA claims against the State of Tennessee at the screening stage based on sovereign immunity).

official capacities, Plaintiff is essentially suing the State of Tennessee itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

As previously reviewed, Plaintiff cannot maintain a § 1983 suit for money damages against State personnel in their official capacities. Accordingly, the undersigned **RECOMMENDS** that the District Judge dismiss the claim for monetary relief against Defendants in their official capacities. *See Brown v. Lee*, No. 3:20-CV-00916, 2020 WL 7864252, at *6 (M.D. Tenn. Dec. 30, 2020) ("Accordingly, [the plaintiff's] official-capacity claims for money damages must be dismissed without prejudice for lack of subject-matter jurisdiction.").

### 2. Officer Ramsey in his Individual Capacity

Other than including Officer Ramsey's name in the list of named defendants, Plaintiff does not allege any actions by Officer Ramsey to impose liability. The mere listing of Officer Ramsey's name is "not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Thus, the undersigned therefore **RECOMMENDS** dismissal of Plaintiff's claims against Officer Ramsey in his individual capacity.

### 3. Ex Post Facto Claim

Plaintiff appears to be presenting a constitutional challenge to the Act under the Ex Post Facto Clause of the United States Constitution. To the extent Plaintiff brings official-capacity claims against Governor Lee and Commissioner Helton for prospective injunctive relief in requesting release from registration requirements of the Act, Tennessee's sovereign immunity does not provide a shield from official-capacity claims for prospective injunctive relief. *Ernst v. Rising*, 427 F.3d 351, 358–59 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)). Although there is

no specific information in the Complaint demonstrating that the SORVTA's registration requirement and any residency regulation predated Plaintiff's underlying offense, and therefore retroactive for the purposes of the Ex Post Facto Clause, in liberally construing Plaintiff's claim, the undersigned finds that the Complaint plausibly implies that the residency requirement currently being enforced changed his previously "established residence." While not expressing any opinion on the merits of Plaintiff's allegations, the Court will allow this claim to proceed. *Doe* v. *Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *9 (M.D. Tenn. Nov. 9, 2017) (finding Governor to be appropriate defendant in an action challenging the Act and seeking prospective injunctive relief); *but see Kelly v. Lee*, No. 1:18-CV-00170-DCLC, 2020 WL 2120249, at *3 (E.D. Tenn. May 4, 2020) ("To be sure, there seems to be no consensus on whether the [G]overnor of Tennessee is a proper party in a constitutional challenge to the Sex Offender Registry laws." (collecting cases)). For similar reasons, the Court will allow this claim to proceed against Commissioner Helton in her official capacity. *See Doe v. Lee*, No. 3:21-CV-00028, 2022 WL 17650484, at *2 (M.D. Tenn. Dec. 13, 2022) ("Accordingly, TDOC—which, as part of its ordinary duties, oversees Tennessee's supervision related to felony probation, parole, and community supervision for life—functions as a registering and supervising agency for those offenders that are both on the registry and on parole.").[13]

---

[13] To the extent Plaintiff's official-capacity claim against Commissioner Helton relates to dissatisfaction with the response received to his unexplained religious grievance, he has failed to include any relevant factual allegations or assert any cognizable cause of action. The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

### 4. Individual Capacity Claims - Officer DeLorge and Director Wallace

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, each Government official is only liable for his or her own misconduct. *Newsome v. Lee*, No. 3:21-CV-00041, 2022 WL 348401, at *6 (M.D. Tenn. Feb. 4, 2022) (explaining that a plaintiff must demonstrate that the official "personally condoned, encouraged, or participated in the conduct that allegedly violated [p]laintiff's rights"), *report and recommendation adopted*, No. 3:21-CV-00041, 2022 WL 566170 (M.D. Tenn. Feb. 24, 2022). The undersigned will address the claim against Director Wallace and then turn to Officer DeLorge.

Plaintiff asserts only one claim against Director Wallace—conducting his "religious grievance complaint" and declining his appeal—for which the undersigned has already determined lacks sufficient relevant factual allegations, *see supra* n.13. The Court has considered whether it should grant Plaintiff leave to amend his Complaint but determined that any further amendment for additional factual support for this claim would be futile because there is no cognizable cause of action against Director Wallace. Based on the nature of Director Wallace's alleged involvement in the grievance process as described in the Complaint, Director Wallace was not involved in the unspecified, underlying activity that was challenged in the grievance. *Wilson v. Mattis*, No. 2:21-CV-12044, 2021 WL 4243158, at *3 (E.D. Mich. Sept. 17, 2021) (noting the Sixth Circuit has repeatedly held a prison official's wrongful denial of a grievance does not violate any federal constitutional right, in the absence of allegations that the official was involved in the underlying activity (citing cases)). Accordingly, the Court **RECOMMENDS** that the District Judge **DISMISS** the individual capacity claim against Director Wallace.

Finally, turning to Plaintiff's claims against Officer DeLorge, the undersigned notes the claims appear to stem from Officer DeLorge's supervision of Plaintiff as a parolee. Plaintiff first claims that Officer DeLorge, through misconduct and oppression, ordered him to leave his established residence or face a violation of parole. Plaintiff also alleges two arrests for parole violations premised on "wrongful affidavits" by Officer DeLorge—one charging failure to report a "traffic stop/arrest" and the other charging failure to report an electronic email account. Plaintiff alleges that he reported the probation condition information to Officer DeLorge and that Officer DeLorge failed to properly assist him with filing out the forms for his electronic email account information.

In terms of relief for enforcement of a residency requirement, which the undersigned has liberally construed to relate to an ex post facto application of SORVTA, Plaintiff seeks monetary damages,[14] a temporary restraining order, and a Class E felony conviction against Officer DeLorge. With respect to his request for imposition of a Class E felony conviction, Plaintiff fails to state plausible legal claim for relief. The criminal statutes under the Tennessee Code do not create a private cause of action that can form the basis for a civil claim. *Douglas v. McLain*, No. 14-1247-JDT-EGB, 2016 WL 51277, at *4 (W.D. Tenn. Jan. 4, 2016).[15] Regarding the request for a restraining order, which the undersigned construes as a request for injunctive relief enjoining

---

[14] In his Complaint, Plaintiff states that he is also seeking damages for loss of a tow truck service due to wrongful incarceration, which the Court assumes to stem from one or both of the arrests he mentions for violation of parole.

[15] Plaintiff cites T.C.A. § 39-16-403(1)(a) in support of the alleged official oppression claim and T.C.A. § 39-16-402 (a)(1)(2)(3) and (B) as the basis for the official misconduct claim against Officer DeLorge's based on her alleged violations of the state regulations concerning the sex offender registry and compliance procedures—TN Rule Reg. 1395-01-05-.05 (1)(a) & (2) and 1395-01-01-06 (5)(7)-(9) (a)(b)& (1).

Officer DeLonge from enforcing certain residency provisions of SORVTA, this claim may proceed through screening for similar reasons previously explained in Section (C)(3) above. Lastly, addressing Plaintiff's request for monetary damages associated with enforcement of the residency regulations, the undersigned observes that there is developing case law in terms of ex post facto challenges[16] and that while Officer DeLorge may be entitled to qualified immunity for any alleged ex post facto violation,[17] for purposes of screening, Plaintiff has stated a plausible claim.

Plaintiff also alleges that Officer DeLorge swore out "wrongful affidavits" that led to arrests for parole violations. Plaintiff has not identified the specific constitutional injury in asserting these allegations, but the Court construes this claim as a fabrication of evidence claim and notes that "some courts have been something less than clear about which constitutional right is violated when fabrication occurs." *Hoskins v. Knox Cnty.*, No. 6:17-CV-84-REW-HAI, 2020 WL 1442668, at *22 (E.D. Ky. Mar. 23, 2020). In light of Plaintiff's pro se status, the Court has liberally construed such allegations to determine whether he has stated a cause of action.[18]

---

[16]  *See Million v. Rausch*, No. 3:22-cv-453, 2023 WL 2558138, at *5 (E.D. Tenn. Feb. 10, 2023) (noting various decisions of Tennessee district courts addressing an as-applied Ex-Post-Facto clause challenge to the Act).

[17]  "[Q]ualified immunity protects officers who 'reasonably pick[ ] one side or the other' in a debate where judges could 'reasonably disagree.'" *Novak v. City of Parma*, 33 F.4th 296, 305 (6th Cir. 2022) (quoting *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 443 (6th Cir. 2016)).

[18]  The Court has considered whether Plaintiff has alleged false arrests claims, but with respect to both instances, Plaintiff references arrest warrants. "Once legal process begins, the unlawful arrest or false imprisonment ends, and damages for any following confinement must be based on a malicious-prosecution or abuse-of-process theory." *Rainey v. Kentucky*, No. 3:19-CV-P835-DJH, 2021 WL 136415, at *2 (W.D. Ky. Jan. 13, 2021) (quoting *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)).

The Sixth Circuit has held "the Due Process Clause of the Fourteenth Amendment is . . . violated when evidence is knowingly fabricated[,] and a reasonable likelihood exists that the false evidence would have affected the decision of the jury." *Jackson v. City of Cleveland*, 925 F.3d 793, 815 (6th Cir. 2019) (citation and internal quotation marks omitted), *cert. denied sub nom. City of Cleveland, Ohio v. Jackson*, — U.S. —, 140 S. Ct. 855, 205 L.Ed.2d 460 (2020). In order to plead a malicious-prosecution claim, the plaintiff must allege: (1) a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecution, (2) there was a lack of probable cause for the criminal prosecution, (3) the plaintiff suffered a deprivation of liberty apart from the initial seizure and as a consequence of the legal proceeding, and (4) the criminal proceeding must have resolved in his favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (cleaned up). In light of Plaintiff's allegations that Officer DeLorge swore out "wrongful affidavits," he spent time in jail, and his charges were dismissed, the Court will allow this claim to proceed beyond the initial screening phase.[19]

The Court has also considered whether to construe Plaintiff's fabrication claim under the Fourth Amendment. The Fourth Amendment protects against unreasonable seizures. U.S. Const. amend. IV. The Supreme Court recently acknowledged that the Fourth Amendment bans all pretrial detentions without probable cause, even if the detention occurs after formal legal process,

---

[19] The Court notes that Plaintiff only references "charges dismissed" with respect to his alleged failure to report a traffic stop. With respect to his failure to register the electronic mail, it is not entirely clear the status of this criminal proceeding [*See* Doc. 6]. To the extent this charge is still pending in state court, any malicious prosecution claim has not accrued and should be dismissed without prejudice. *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019) ("The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings.").

15

such as an arrest warrant or an indictment. *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) (explaining that where "[l]egal process has gone forward, but has done nothing to satisfy the Fourth Amendment's probable-cause requirement[,] . . . it cannot extinguish the detainee's Fourth Amendment claim"); *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021) (explaining that the Fourth Amendment "bars all *pretrial* detentions without probable cause" regardless if "detention comes before or after formal 'legal process' (like an arrest warrant or an indictment)" (citation omitted)).[20] In light of Plaintiff's allegations that Officer DeLorge swore to "wrongful affidavits" and that he spent time in jail, the Court will allow this claim to proceed.

In sum, with respect to the individual liability claims asserted against Officer DeLorge, the undersigned **RECOMMENDS** that the District Judge **DISMISS** the request for imposition of a Class E felony conviction against her and that the § 1983 claims concerning the two arrests of Plaintiff for parole violations and that the claim relating to an ex post facto application of SORVTA residency regulations proceed past the screening stage.

### 5. Injunctive Relief-Body Cameras

As a final matter, the undersigned notes that Plaintiff has requested injunctive relief ordering BOPP to maintain constant body and automobile video recording during contact with offenders; however, the Court is without authority to order any such relief, and therefore **RECOMMENDS** dismissal of this claim. *See Dudley v. Strough*, No. 3:21-CV-P10-DJH, 2021

---

[20]    While Plaintiff's claims may be barred by *Heck*, the Court finds this analysis premature. *See Heck v. Humphrey*, 512 U.S. 477 486–87 (1994) (finding that a § 1983 claim for money damages is not cognizable if success on the claim would necessarily imply the invalidity of a state conviction); *see also Fulton v. Bartik*, 547 F. Supp. 3d 799, 815 (N.D. Ill. 2021) ("Here, a judgment for plaintiffs on the unlawful pretrial detention claim would have undermined the validity of their convictions because both their pretrial detention and convictions were based on the same allegedly fabricated evidence.").

WL 2516087, at *4 (W.D. Ky. June 18, 2021) (noting the Supreme Court has recognized that "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions" and "[p]rison officials therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security") (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)).

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis [**Doc. 2**] and **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs and fees.[21] The Court **RECOMMENDS**[22] that Plaintiff's challenge under the Ex Post Facto Clause of the United States Constitution proceed and that the claims pursuant to

---

[21] This matter is to be presented to a District Judge pursuant to this Report and recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed in forma pauperis.

[22] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

42 U.S.C. § 1983 against Officer DeLorge proceed past the screening stage. The Court **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED**.[23]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[23] Should the District Judge agree with this recommendation and allow these claims to proceed, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).