UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REX ALLEN MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, et al., ) <br> ) <br> Defendants. ) | No.: 3:22-CV-363-TAV-DCP |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin on April 10, 2023 [Doc. 8]. In the R&R, Judge Poplin granted plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2]. In addition, after screening the complaint [Doc. 3], Judge Poplin recommended that the Court dismiss certain claims and defendants.

Plaintiff, proceeding *pro se* in this matter, filed objections to the R&R [Doc. 13]. There was no response from any of the defendants, and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 8], and plaintiff's objections are **OVERRULED** [Doc. 13].

### I.  Standard of Review

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of*

*Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted). Once a proper objection has been raised, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court considers the R&R, the complaint, and plaintiff's objections, all in light of the applicable law.

## II. Analysis

Plaintiff's *pro se* filings are, respectfully, difficult for the Court to comprehend. The Court is mindful that because plaintiff is proceeding *pro se*, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, plaintiff's *pro se* status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

Objections to a magistrate judge's R&R must be clear enough to enable the Court to discern the issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). In addition, if "objections merely restate the arguments asserted in [a party's] earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Modrall v. U.S. Dep't of*

2

*Educ.*, No. 1:19-cv-250, 2020 WL 2732399, at *2 (E.D. Tenn. May 26, 2020) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). Thus, to the extent that plaintiff's objections merely "copy and paste" the allegations contained in the complaint that were before the magistrate judge, plaintiff's objections are **OVERRULED**.

In liberally construing plaintiff's objections, the Court discerns the following issues that plaintiff takes with the R&R. First, it appears plaintiff is asking the Court to review Judge Poplin's dismissal of certain defendants from this lawsuit [Doc. 13, pp. 1, 4]. At one point, plaintiff references defendant Lindsay DeLorge ("DeLorge") and states that his claims against her in her individual capacity should be rescreened and added back to the complaint [Doc. 13-1, p. 1]. However, plaintiff has not explained how Judge Poplin erred in dismissing certain claims against DeLorge. In addition, the R&R recommends that plaintiff's "claims against Officer Lindsay DeLorge, in her individual capacity, pursuant to 42 U.S.C. § 1983 *proceed*" past the screening stage [Doc. 8, p. 1 (emphasis added)]. Judge Poplin also recommended that plaintiff's Ex Post Facto claim against DeLorge in her individual capacity survive screening [*Id.* at 13–14, 16]. Thus, the Court finds no error in Judge Poplin's recommendations as to DeLorge.

Plaintiff also takes issue with the R&R's discussion of the State of Tennessee as a defendant in this suit. He contends that he did name the State as a party to this action and argues, without citation to authority, that the State should be disqualified from receiving immunity from suit [Doc. 13, pp. 1, 3]. In the R&R, Judge Poplin stated that although it was unclear whether plaintiff intended to sue the State, the State has sovereign immunity,

3

citing to *Newsome v. Lee*, No. 3:21-cv-00041, 2021 WL 1697039, at *4 (M.D. Tenn. Apr. 29, 2021) [Doc. 8, p. 9 n.12]. The Court agrees. The court in *Newsome* set forth three exceptions to the sovereign immunity doctrine, none of which appear to apply to the State in this case. *See* 2021 WL 1697039, at *4. Thus, the Court agrees with Judge Poplin's recommendation of dismissal as to the State.

To the extent plaintiff objects to other defendants and/or claims being dismissed, plaintiff's statements are too general, as he fails to point to any error that Judge Poplin committed in reaching her conclusions. In addition, the Court has independently reviewed the R&R's findings of dismissal and finds no error in Judge Poplin's recommendations. Thus, plaintiff's objection to the dismissal of certain defendants is **OVERRULED**.

Second, plaintiff makes a reference to the appointment of counsel and the need for legal assistance [Doc. 13, p. 4]. While the Court does not construe plaintiff's reference as an objection to the R&R, the Court finds it necessary to address plaintiff's statements. The Court notes that plaintiff filed a motion to appoint counsel [Doc. 1], and Judge Poplin subsequently denied his request [Doc. 9]. Thus, the issue of the appointment of counsel has already been addressed and denied by Judge Poplin, and her decision did not form part of her recommendations in the R&R. Thus, the Court finds it inappropriate to reconsider plaintiff's request within the context of plaintiff's objections to the R&R.

### III. Conclusion

For the reasons stated above, the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 8], and plaintiff's objections are **OVERRULED** [Doc. 13]. Plaintiff's

4

challenge under the Ex Post Facto Clause of the United States Constitution against defendants Bill Lee, in his official capacity, Lisa Helton, in her official capacity, and Lindsay DeLorge, in her individual capacity, **SHALL PROCEED**.  In addition, plaintiff's claims pursuant to 42 U.S.C. § 1983 against defendant Lindsay DeLorge, in her individual capacity, **SHALL PROCEED**.  Plaintiff's remaining claims are **DISMISSED**.

The Clerk of Court is **DIRECTED** to send plaintiff service packets (a blank summons and Form USM-285) for the remaining defendants, and plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty (20) days** of receipt of this Memorandum Opinion and Order, to be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Plaintiff is **ON NOTICE** that failure to timely return the completed service packets will result in dismissal of his entire suit.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE